IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | CRIMINAL ACTION NO. |
| v. § | 3:11-CR-018-B (01) |
| § | |
| RENE QUIMBY (1) § | |

## PLEA AGREEMENT

The defendant, Rene Quimby, his attorney, Carlton McLarty, and the United States of America ("the Government"), agree as follows:

1. **Rights of the defendant**: Quimby understands that he has the right

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Quimby waives these rights and pleads guilty to the offenses alleged in Counts One and Three of the indictment, charging a violation of 18 U.S.C. §§ 1029(a)(2) and 1028A: that is, fraud and related activity in connection with access devices and aggravated identity theft. Quimby understands the nature and elements of the crimes to which he is pleading guilty, and agrees that the factual résumé he has signed is true and will be submitted as evidence.

3. **Sentence:** The maximum penalties the Court can impose include:

**Count One**

a. imprisonment for a period not to exceed 10 years;

b. a fine not to exceed either $250,000, or not more than twice any gross pecuniary gain to Quimby or loss to any victims, which ever is greater;

c. a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If Quimby violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

d. a mandatory special assessment of $100;

e. restitution to victims or to the community, which is mandatory under the law, and which Quimby agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

f. costs of incarceration and supervision.

**Count Three**

a. a mandatory term of imprisonment for a period of two years that must be served consecutively to any other term of imprisonment;

b. a fine not to exceed either $250,000, or not more than twice any gross pecuniary gain to Quimby or loss to any victims, which ever is greater;

c. a term of supervised release of not more than one year, which may be mandatory under the law and will follow any term of imprisonment. If Quimby violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

d. a mandatory special assessment of $100;

e. restitution to victims or to the community, which is mandatory under the law, and which Quimby agrees may include restitution arising

    from all relevant conduct, not limited to that arising from the offense of conviction alone; and

  f.  costs of incarceration and supervision.

Quimby understands that by pleading guilty to Counts One and Three, he is facing a maximum aggregate sentence of 12 years in prison.

  4.  **Court's sentencing discretion and role of the Guidelines**: Quimby understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Although Quimby has reviewed the guidelines with his attorney, he understands that no one can predict with certainty what his guideline range will be or the outcome of the Court's consideration of the guidelines in this case. Quimby understands that he will not be allowed to withdraw his plea if his guideline range turns out higher than expected, or if his sentence is higher than expected. Quimby fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

  5.  **Mandatory special assessment**: Quimby agrees to pay to the U.S. District Clerk the amount of $200 in satisfaction of the mandatory special assessment in this case.

  6.  **Defendant's agreement**: Quimby shall give complete and truthful information and/or testimony concerning his participation in the offenses of conviction. Upon demand, Quimby shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

7. **Forfeiture of property:** Quimby agrees that the following items are subject to forfeiture under 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C), because they represent property constituting, or derived from, the proceeds, directly or indirectly, of his offenses, and because they represents property used or intended to be used to commit his offenses: (1) a Western Digital External Hard disk drive; (2) a HP Pavilion Desktop Computer; (3) a Sony Vaio Computer; and (4) a HP Pavilion Laptop Computer; (5) any computers and computer-related items seized on his arrest; and (6) any cash seized on his arrest. Quimby agrees to the forfeiture of the property civilly, either in an administrative or judicial proceeding, pursuant to 18 U.S.C. §§ 981 and 983 or 19 U.S.C. §§ 1607-1609. Quimby agrees he will not file a claim to the property in the civil-administrative or civil-judicial forfeiture proceeding, and if he has filed a claim to the property in such a proceeding, he will execute the necessary documents to withdraw his claim and any other documents the government requests to effect the forfeiture of the property, and the transfer of his interest in it to the government. Quimby waives any time limits or any applicable statute of limitations regarding the filing of a civil-administrative or civil-judicial forfeiture proceeding. Quimby agrees to provide truthful information and evidence necessary for the government to effect the forfeiture of the property. Quimby agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the property.

8. **Government's agreement**: The government will not bring any additional charges against Quimby based upon the conduct underlying and related to his guilty plea. The government will dismiss, after sentencing, any remaining charges in the pending

indictment. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Quimby or any property.

9. **Violation of agreement**: Quimby understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Quimby for all offenses of which it has knowledge. In such event, Quimby waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Quimby also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10. **Voluntary plea**: Quimby stipulates his guilty plea is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of right to appeal or otherwise challenge sentence**: Quimby waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Quimby, however, reserves the right: (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at

sentencing, (b) to challenge the voluntariness of his guilty plea or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. **Representation of counsel**: Quimby has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with his lawyer's legal representation. Quimby has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Quimby has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 9 day of May, 2011.

JAMES T. JACKS
UNITED STATES ATTORNEY

_____          _____
RENE QUIMBY                                                 FRANK L. GATTO
Defendant                                                         Assistant United States Attorney
                                                                        Texas State Bar No. 24062396
                                                                        1100 Commerce Street, Third Floor
                                                                        Dallas, Texas 75242-1699
                                                                        Telephone: 214.659.8851
                                                                        Facsimile: 214.767.4100
                                                                        Email: frank.gatto@usdoj.gov

_____          _____
CARLTON McLARTY                                       GARY TROMBLAY
Attorney for Defendant                                  Deputy Criminal Chief
Texas State Bar No. 13740400

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____          5/9/11
RENE QUIMBY                                                 Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          5/9/11
CARLTON McLARTY                                       Date
Attorney for Defendant