IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:11-CR-18-B |
| | § | **ECF** |
| RENE QUIMBY (01) | § | |

## GOVERNMENT'S UNOPPOSED MOTION AND BRIEF FOR ISSUANCE OF A PRELIMINARY ORDER OF FORFEITURE

The United States of America ("the Government") requests a preliminary order of forfeiture, stating the following in support:

### I. BACKGROUND

1. Count One of the Indictment [docket #1] in this case charges Rene Quimby ("the defendant") with violating 18 U.S.C. § 1029(a). The Indictment also gives the defendant notice that the Government will seek forfeiture of property from him based upon his conviction on Count One.

2. The defendant has pleaded guilty to Count One and has agreed in his Plea Agreement [docket #23] to forfeit the following ("the property")[1]:

    a. a Western Digital External Hard disk drive;
    b. a HP Pavilion Desktop Computer;
    c. a Sony Vaio Computer;

---

[1] The post-forfeiture, Government-recognized value of these assets may, pending approval by the Asset Forfeiture & Money Laundering Section of the Department of Justice, be applied toward the restitution ordered against the defendant in this case. Since the Government has not yet received approval to make such a restoration and forfeiture and restitution are separate distinct parts of sentencing, the Court should not alter any restitution figure to account for the recognized value of those items.

**Government's Motion & Brief for Issuance of a Preliminary Order of Forfeiture (Quimby) - Page 1**

      d.      a HP Pavilion Laptop Computer;
      e.      any computers and computer-related items seized on his arrest; and
      f.      any cash seized on his arrest.[2]

## II. AUTHORITIES

3. The Court's jurisdiction is based on 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 1029(c)(1)(C), and Rule 32.2 of the Federal Rules of Criminal Procedure.

4. 18 U.S.C. § 982(a)(2)(B) provides that a person, upon conviction for a violation of 18 U.S.C. § 1029, shall forfeit any property constituting, or derived from, proceeds obtained directly or indirectly, by the person as a result of the offense. 18 U.S.C. § 1029(c)(1)(C) provides that a person, upon conviction for a violation of 18 U.S.C. § 1029, shall forfeit any property used or intended to be used to commit the offense.

## III. ARGUMENT

5. Based upon the defendant's guilty plea and his Plea Agreement and Factual Resume [docket #22], the Government submits that it has satisfied its burden to establish a nexus between the offense and the property. Therefore, the Court should find the property is subject to forfeiture to the Government.

6. In accordance with Fed. R. Crim. P. 32.2(b), if there is a finding that property is subject to forfeiture, a preliminary order of forfeiture directing the forfeiture of that property shall be promptly entered. This order is entered without regard to any

---

[2] $1440 in U.S. currency was seized from the defendant when he was arrested.

**Government's Motion & Brief for Issuance of a Preliminary Order of Forfeiture (Quimby) - Page 2**

        third party's interest in all or part of the forfeited property (a third party's interest is adjudicated in the ancillary proceeding under Rule 32.2(c)).

7.      Upon issuance of a preliminary order of forfeiture and pursuant to 21 U.S.C. 853(n)[3] and Fed. R. Crim. P. 32.2(b)(6), the Government will post on an official Government Internet site (www.forfeiture.gov) for at least 30 consecutive days notice of the forfeiture which describes the property with reasonable particularity; states the time under 21 U.S.C. § 853(n) when a petition contesting the forfeiture must be filed [no later than 60 days after the first day of publication on an official Government Internet site]; and names and gives contact information for the Government attorney to be served with the petition [Frank Gatto and/or John J. de la Garza III, United States Attorney's Office, Northern District of Texas, 1100 Commerce, Suite 300, Dallas, Texas 75242].  The Government shall send, by means reasonably calculated to reach the person, notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

## IV.  RELIEF

8.      Therefore, the Government respectfully asks this Court to enter a preliminary order of forfeiture forfeiting to the Government all interest of the defendant in the property and ordering the United States Marshals Service (or its designee) to seize

---

[3] 18 U.S.C. § 1029(c)(2) states forfeiture of property under § 1029 shall be governed by 21 U.S.C. § 853.

and maintain custody of the property and dispose of it in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

Respectfully submitted,

JAMES T. JACKS
UNITED STATES ATTORNEY

**/s/ John J. de la Garza III**
Assistant United States Attorney
Texas State Bar No. 00796455
1100 Commerce St., Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8682; Fax: 214.659.8803
john.delagarza@usdoj.gov

CERTIFICATE OF CONFERENCE

I certify that on June 15, 2011 I sent an electronic mail message to Carlton McLarty (carlton_mclarty@fd.org), the defendant's attorney, providing him a copy of the proposed Motion and accompanying Order and requesting a conference on them, and that he subsequently responded via an electronic message on June 16, 2011 that he is not opposed to the Motion or the relief requested by the Motion.

**/s/ John J. de la Garza III**
Assistant United States Attorney

CERTIFICATE OF SERVICE

I certify that on June 16, 2011 I electronically filed this document with the Clerk for the United States District Court, Northern District of Texas, using the electronic case filing ("ECF") system. The ECF system will send a "Notice of Electronic Filing" to all parties/counsel for record who have consented in writing to accept the Notice as service of this document by electronic means.

**/s/ John J. de la Garza III**
Assistant United States Attorney